IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DANNY K. ANGUS, )
)
        Plaintiff, )
)
v. ) 1:12CV821
)
ROBERT S. MUELLER, et al., )
)
        Defendants. )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on Plaintiff's Application [Doc. #1] to proceed in this action *in forma pauperis* without the payment of the filing fees or costs. The Court has reviewed the Application and notes that Plaintiff's Application shows that Plaintiff had income of $42,439.15 in the past twelve months, based on income from Worker's Compensation, a UMWA Pension, Social Security, and interest. In addition, the Application shows that Plaintiff has $3,672.21 in a checking account and $75,474.33 in a savings account.

*In forma pauperis* status under 28 U.S.C. § 1915 "is intended to guarantee that no citizen shall be denied access to the courts solely because his poverty makes it impossible for him to pay or secure the costs." Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 953 (4th Cir.1995). "A litigant is not required to show that he is completely destitute in order to qualify as an indigent within the meaning of § 1915(a). . . . However, the 'privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them.'" Stallings v. Warden of Evans Correctional Inst., 8:10CV2668, 2010 WL 5387488 (D.S.C. Dec. 22, 2010) (quoting Brewster v. N. Am. Van Lines, Inc., 461 F.2d 649,

651 (7th Cir.1972)). In the present case, based on the information presented in the Affidavit, Plaintiff would not be without a legal remedy if he is denied *in forma pauperis* status. Instead, Plaintiff must "'confront the initial dilemma which faces most other potential civil litigants: is the merit of the claim worth the cost of pursuing it?'" Hayes v. Potter, 2:07CV825, 2007 WL 1582656 (D.S.C. May 31, 2007) (quoting Carroll v. United States, 320 F. Supp. 581, 582 (S.D. Tex. 1970)). Therefore, based on the information presented, the Court concludes that Plaintiff does not qualify to proceed as a pauper without the payment of fees at this time.

The Court also notes that there may be concerns with respect to whether the Complaint would, in any event, be subject to dismissal under the *in forma pauperis* statute, which provides that "the court shall dismiss the case at any time if the court determines that – . . . (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). However, the Court need not consider that matter any further at this time, since Defendant fails to qualify to proceed as a pauper in any event. Therefore, the Court will recommend that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new action with payment of the filing fee.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new action with payment of the filing fee.

This, the 7th day of August, 2012.

/s/ Joi Elizabeth Peake
United States Magistrate Judge